HOLDEN v. WILLIAMS, United States Marshal.

(District Court, D. Alaska. April 29, 1896.)

No. 474.

1. POWERS OF DEPUTY UNITED STATES MARSHALS IN ALASKA.
    Deputy United States marshals appointed under the provisions of paragraph 3, § 6, Act May 17, 1884, providing a civil government for Alaska (23 Stat. 24; Supp. Rev. St. p. 430), have power to serve and execute process issued by the United States commissioners of said district, exercising the powers of justices' courts according to the statutes of Oregon.

2. LIABILITY OF MARSHAL.
    The marshal of said district is liable for acts done by said deputies under color of office in executing or serving such processes.

This was an action in tort brought by E. S. Holden against L. L. Williams, United States marshal, to recover certain gold amalgam taken by the deputy marshal on execution issued by the commissioners' court at Juneau. Demurrer by defendant.

Bostwick & Crews, for plaintiff.

J. F. Maloney and John Trumbull, for defendant.

DELANEY, District Judge. The precise point raised on this demurrer is that under paragraph 3, § 6, Act May 17, 1884, providing a civil government for Alaska (23 Stat. 24; Supp. Rev. St. p. 430), the deputy marshals, in serving process issued by the commissioners exercising powers of justices' courts, act as constables, and not as deputy marshals, and that, therefore, the marshal is not liable for the acts of such deputies in serving or executing the process of said courts. The paragraph referred to reads as follows:

"He [the marshal] shall appoint four deputies, who shall reside severally at the towns of Sitka, Wrangel, Unalaska, and Juneau city, and they shall respectively be ex officio constables and executive officers of the commissioners' courts herein provided, and shall have the powers and discharge the duties of United States deputy marshals, and those of constables under the laws of the state of Oregon now in force."

It is not necessary to determine the liability of the marshal for the acts of his deputies done while exercising the powers of constables, as the record and the complaint in this case disclose that the officer making the levy acted as a deputy marshal, and not as a constable.

The laws of the state of Oregon in force on the 17th day of May, 1884, so far as they are applicable, and not in conflict with federal legislation, are made the law of this district by an act of congress of that date. It is perfectly evident from the general import of said act that congress thereby intended to create a local civil government and jurisprudence for Alaska; and, except as modified by that act itself or other federal legislation, congress established by that act a civil government and jurisprudence here, similar to those then in existence in the state of Oregon. A familiar rule of statutory construction is that courts will give effect to the intention of the legislature where such intention can be discerned. Sheriffs and deputy sheriffs in Oregon are the executive officers of the courts of that state, and are clothed with power to serve and execute all process of the courts therein. Hill's Code, §§ 993, 999. The marshal and his deputies here are the executive officers of the courts of this district, and it manifestly would defeat the intention of congress, in creating a jurisprudence here, to hold that, in addition to the powers conferred upon them by the general acts of congress, the marshal and his deputies did not take, by virtue of the organic act, the powers of sheriffs and their deputies under the laws of Oregon. Aside from this, the effect of the provisions of the organic act, in establishing said laws for the government of this district, is to make those laws federal legislation. It is the same, in effect, as if congress had incorporated bodily into the act of May 17, 1884, the laws then in force in the state of Oregon, and in that manner made them the laws governing this district. Instead of setting them out in full in the act, congress declares them to be the law of this territory, so far as they can be applied, and do not conflict with other legislation of congress. They thereby become the laws of the United States, or federal legislation. It will be noted that the paragraph of section 6 above referred to provides that the deputy marshals in this district shall have the powers and discharge the duties of United States deputy marshals, and those of constables under the laws of Oregon. The grant of the powers of constables is simply in addition to those of deputy marshals. Section 788, Rev. St. U. S., provides that "the marshals and their deputies shall have, in each state, the same powers, in executing the laws of the United States, as sheriffs and their deputies in such state may have, by law, in executing the laws thereof." The laws of Oregon in force May 17, 1884, having become, by virtue of the organic act, the laws of the United States, the marshal and his depu-

ties, in executing such laws in Alaska, are clothed by section 788, Rev. St., with all the powers possessed by sheriffs and deputy sheriffs of Oregon. It therefore follows that the marshal and his deputies may serve and execute any process of any court in this district.

The rule that the superior officer is liable for acts of his deputy done under color of his office is too well settled to need discussion.

The demurrer is overruled.